NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2016

FOR THE NINTH CIRCUIT


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SODHI SINGH, | No. 12-73108 |
| Petitioner, | Agency No. A094-917-229 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | ORDER |
| Respondent. | |

Before: McKEOWN, RAWLINSON, and DAVIS,* Circuit Judges.

The memorandum disposition filed on January 22, 2016 is hereby amended.

An amended memorandum disposition is filed concurrently with this order.

The petition for panel rehearing is DENIED. No further petitions for panel

rehearing shall be permitted.

---

\* The Honorable Andre M. Davis, Senior Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SODHI SINGH,

                Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

No. 12-73108

Agency No. A094-917-229

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2015[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and DAVIS,[***] Circuit Judges.

    Sodhi Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal of a decision by an

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found Singh credible and the subject of past persecution on account of his political opinion in support of a pro-Sikh political party. The IJ concluded, however, that the government had rebutted the presumption of a well-founded fear of future persecution on the basis that Singh could reasonably and safely relocate elsewhere in India. The IJ rejected Singh's claims of past persecution on account of his membership in the particular social groups of journalists advocating for minority rights and the Balmiki ethnic group. The BIA affirmed.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's determination of purely legal questions and review factual findings for substantial evidence. *See Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We deny the petition for review.

The BIA did not commit legal error in its relocation analysis. The BIA properly placed the burden on the government to demonstrate by the preponderance of the evidence that relocation was reasonable. The BIA reviewed the IJ's individualized analysis and affirmed the IJ's determination that Singh could reasonably relocate outside of his home state, Punjab.

2

Substantial evidence supports the BIA's conclusion that Singh could reasonably relocate within India. Reports from the State Department and foreign governments reflect that Sikhs occupy positions at high levels within the government and travel and worship freely throughout the country. The record also contains evidence that Sikhs can relocate within India to escape the attention of local police. Although the BIA did not identify a specific city or state within India to which Singh could relocate, finding that he could safely and reasonably relocate elsewhere in India outside the Punjab state is sufficient. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004). Singh's education, language skills, and past residence in a neighboring district without incident are further evidence of the reasonableness of relocation. As the BIA noted, "cumulatively, the evidence" supports the IJ's relocation determination.

We reject Singh's request for remand on past persecution on account of his membership in particular social groups. The BIA did not ignore these claims. Concerning his claim of persecution as a journalist advocating for minority rights, the BIA found no general pattern of persecution of independent media and noted that Singh's journalism record is limited to six or seven articles, none of which criticize the Indian government. Concerning his claim of persecution as a member of the Balmiki group, the BIA stated that "to the extent the respondent's claim is

3

based on his experiences as a 'lower caste' Dalit Hindu, many of whom are unable to relocate because of lack of education and funds, those circumstances do not apply to [Singh]."[1]  Because the BIA sufficiently addressed Singh's claims, remand is not required.

As Singh "fail[ed] to satisfy the lower standard of proof required to establish eligibility for asylum [he] necessarily fails to establish eligibility for withholding of removal." *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009).

Substantial evidence also supports the BIA's conclusion that Singh is not entitled to CAT relief, particularly in light of Singh's ability to reasonably relocate. *See* 8 C.F.R. § 1208.16(c)(3)(ii) (stating that evidence of ability to relocate is relevant in determining eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**

---

[1] Although this sentence from the BIA's order erroneously refers to Singh as Hindu, rather than Sikh, it has no bearing on the merits of Singh's petition.